NUMBER 13-04-473-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DUKE JASON TREVINO,                                            Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                   On appeal from the 36th District Court

                           of Aransas
County, Texas.

 

 

 

                              O P I N I O N[1]

 

     Before Chief Justice Valdez and
Justices Castillo and Garza

                           Opinion by Justice Castillo

 








Appellant Duke Jason Trevino appeals the sentence
the trial court assessed after adjudicating guilt for the offense of aggravated
sexual assault of a child.[2]  The trial court sentenced him to a term of
twenty-five years in the Texas Department of Criminal Justice‑Institutional
Division.  By one issue, Trevino asserts
his sentence is cruel and unusual in that it is disproportionate to the severity
of the crime for which he was convicted. 
We affirm.

I.  Background

Trevino pleaded guilty to the offense and
adjudication of guilt was deferred for ten years under terms and conditions of
community supervision.  Alleging Trevino
violated the terms of his community supervision, the State filed a motion
requesting that the trial  court revoke
community supervision, adjudicate guilt, and impose a sentence.  The trial court convened a hearing, and after
accepting Trevino's plea of true to the allegations in the State's motion,
adjudicated guilt.  Trevino testified
requesting an extension of his community supervision term.  After considering the stipulated evidence,
the trial court, without objection, imposed punishment. 

II. 
Jurisdiction








While the challenge to the trial court's decision to
adjudicate is unreviewable under the bar of article 42.12, section 5(b), we may
consider the challenge to the trial court's actions after a finding of guilt.[3]  Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2004‑05) ("after an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant's
appeal continue as if the adjudication of guilt had not been deferred"); Issa
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (en banc) (per curiam)
(holding a defendant does have a limited right to challenge errors made
following a determination to adjudicate). 
Thus, a defendant may appeal from a judgment adjudicating guilt when the
issues raised by the appeal relate not to the adjudication decision but to the
punishment phase.  Escochea v. State,
139 S.W.3d 67, 79 (Tex. App.BCorpus Christi 2004, no pet.) (citing Kirtley v.
State, 56 S.W.3d 48, 51‑52 (Tex. Crim. App. 2001) (allowing appeal of
issues related to punishment phase following adjudication of guilt)). 

Trevino argues that application of the test in Solem
v. Helm, 463 U.S. 277, 290‑91 (1983) shows that the sentence is
disproportionate to the offense.  Because
the issue raised is unrelated to the decision to adjudicate guilt, we have
jurisdiction.  See Escochea, 139
S.W.3d at 79.

III. Cruel and Unusual Punishment

A. 
Preservation of Error








Trevino made no objection to his sentence to the
trial court, either at the time of sentencing or in any post‑trial
motion, on any grounds, nor did he ever lodge an objection, under
constitutional or other grounds, to the alleged disparity, cruelty, unusualness
or excessiveness of the sentences.  Even
constitutional claims can be waived by failure to object.  Smith v. State, 721 S.W.2d 844, 855
(Tex. Crim. App. 1986).  To preserve an
error for appellate review, a party must present a timely objection to the
trial court, state the specific grounds for the objection, and obtain a
ruling.  Tex. R. App. P.
33.1(a); see Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000)
(en banc).  "All a party has to do
to avoid the forfeiture of a complaint on appeal is to let the trial judge know
what he wants, why he thinks himself entitled to it, and to do so clearly
enough for the judge to understand him at a time when the trial court is in a
proper position to do something about it." Keeter v. State, No.
PD-1012-03, 2005 Tex. Crim. App. LEXIS 521, at *10 (Tex. Crim. App. April 6,
2005) (citing Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App.
1992) (en banc)); see Solis v. State, 945 S.W.2d 300, 301 (Tex. App.BHouston [1st Dist.] 1997, pet. ref'd) (holding that
a claim of grossly disproportionate sentence violative of Eighth Amendment was
forfeited by failure to object); Quintana v. State, 777 S.W.2d 474, 479
(Tex. App.BCorpus Christi 1989, pet. ref'd) (holding that
failure to object to a sentence as cruel and unusual forfeits error); see
also Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en
banc).








Because the sentence imposed is within the
punishment range and is not illegal,[4]
we conclude that the rights Trevino asserts for the first time on appeal are
not so fundamental as to have relieved him of the necessity of a timely,
specific trial objection.  See Blue,
41 S.W.3d at 131).  Thus, by failing to
object to the trial court's sentence below, Trevino has forfeited his complaint
on appeal.

Even absent forfeiture, we conclude that Trevino's
sentence did not constitute cruel and unusual punishment.  Punishment which falls within the limits
prescribed by a valid statute is not excessive, cruel, or unusual.  See Harris v. State, 656 S.W.2d 481, 486
(Tex. Crim. App. 1983) (en banc); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim.
App. 1972).  The punishment assessed,
twenty-five years, falls within the applicable punishment range.  Tex.
Pen. Code Ann. ' 12.32(a) (Vernon 2003) (stating that the punishment
range is life or for any term of not more than 99 years or less than 5
years).  Thus, the punishment is not, per
se, prohibited as cruel, unusual, or excessive.

B. Disproportionate Sentence








Importantly, as Trevino argues, it has been held
that a sentence within the range of punishment may still violate the Eighth
Amendment if it is grossly disproportionate to the offense committed.  Solem, 463 U.S. at 290‑91
(1983).  However, the viability and mode
of application of proportionate analysis in non‑death penalty cases has
been questioned since the Supreme Court's decision in Harmelin v. Michigan,
501 U.S. 957 (1991).  See McGruder v.
Puckett, 954 F.2d 313, 315‑16 (5th Cir. 1992) (discussing the various
opinions issued in Harmelin, 501 U.S. at 957, and their impact on the Solem
decision).[5]  In the present case, even if error had been
preserved as to this argument, and assuming for purposes of Trevino's argument
the viability of a proportionality review, twenty-five years in prison is not a
grossly disproportionate sentence considering the evidence presented as to the
offense.  We need not consider its
application today because the proportionality issue was not preserved and
because no evidence as to the last two Solem factors was submitted to
the trial court.  See Solem, 463
U.S. at 292; Sullivan v. State, 975 S.W.2d 755, 757‑58 (Tex. App.BCorpus Christi 1998, no pet.); Simmons v. State,
944 S.W.2d 11, 14 (Tex. App.BTyler 1996, pet. ref'd). 

IV. 
Conclusion

We overrule Trevino's sole issue and affirm the
trial court judgment of conviction and sentence.                                                                                                                                                                          ERRLINDA CASTILLO

Justice

Publish.

Tex. R. App. P. 47.2(b).

 

Opinion delivered and filed

this the 13th 
day of October, 2005.                      











[1] See Tex.
R. App. P. 47.2, 47.4.





[2] Tex.
Pen. Code Ann. _ 22.021 (Vernon Supp. 2004-05).  The offense is a first degree felony, id.
' 22.021(e) (Vernon 2004-05),
punishable by a term of imprisonment in the institutional division for life or
for any term of not more than 99 years or less than 5 years, and a fine not to
exceed $10,000.  Id. ' 12.32(a),(b) (Vernon 2003).





[3] A trial court's decision to proceed
with an adjudication of guilt is one of absolute discretion and is not
reviewable.  Williams v. State,
592 S.W.2d 931, 932‑33 (Tex. Crim. App. 1979) (holding that an appellant
cannot argue on appeal that the evidence adduced at the revocation hearing was
insufficient to prove the allegations in the State's motion to adjudicate). 





[4] A sentence outside the maximum or
minimum range of punishment is unauthorized by law and therefore illegal.  Escochea v. State, 139 S.W.3d 67, 80
(Tex. App.BCorpus Christi 2004, no pet.)
(citing Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App.
2003)).  Unlike most trial errors, which
are forfeited if not timely asserted, a party is not required to make a
contemporaneous objection to the imposition of an illegal sentence.  Id. (citing Mizell, 119
S.W.3d at 806 n.6).  Thus, an appellate
court that otherwise has jurisdiction over a criminal conviction may always
notice and correct an illegal sentence.  Id.
(citing Mizell, 119 S.W.3d at 806).





[5] The McGruder court,
analyzing the Supreme Court's splintered action in Harmelin v. Michigan,
501 U.S. 957, 965 (1991), concluded that "this much is clear:
disproportionality survives, Solem does not."  McGruder v. Puckett, 954 F.2d 313, 316
(5th Cir. 1992).  Solem required
an analysis of three questions:  (1) the
gravity of the offense and the harshness of the sentence; (2) the sentences
imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions.  Solem, 463 U.S. 277, 292 (1983).  The McGruder court, drawing on one of
the three opinions issued in Harmelin, refined the Solem analysis
to explicitly require a threshold comparison of the harshness of the sentence
and the gravity of the offense, and then only if the court inferred that the
sentence is grossly disproportionate would it consider the remaining two
factors enunciated by Solem.  McGruder,
954 F.2d at 316.  This Court has been
cautious about applying the McGruder analysis.  See, e.g., Sullivan v. State, 975
S.W.2d 755, 757 (Tex. App.BCorpus Christi 1998, no pet.).