Jerry L. **SULLIVAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–97–867–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 20, 1998.

Randall E. Pretzer, Corpus Christi, for Appellant.

Carlos Valdez, District Attorney, Corpus Christi, for the State.

Before SEERDEN, C.J., and HINOJOSA and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

A jury found appellant Jerry Sullivan guilty of burglary of a habitation and assessed punishment at confinement for ten years, probated for ten years. Sentence was imposed in accordance with the jury's findings on September 16, 1987. On September 4, 1997, the State filed a motion to revoke appellant's community supervision. Sullivan pleaded true to four of the alleged violations. Upon his plea, and after a hearing, the trial court revoked Sullivan's community supervision and sentenced Sullivan to five years imprisonment.

In a single point of error, Sullivan complains that, having served all but twelve days of his ten year term of community supervision, the punishment assessed by the trial court was disproportionate to the seriousness of the violations alleged in the State's motion to revoke. This, Sullivan concludes, is in contradiction to the protections inherent in the Eighth Amendment as applied to the States through the Fourteenth Amendment. We disagree.

We note at the outset that the five year sentence, although assessed as a result of the State's motion to revoke, corresponds to the 1987 burglary of a habitation charge. Thus, any review would evaluate the proportionality of the five year sentence to the original charge, not to the violations of Sullivan's term of community supervision. Furthermore, to the extent Sullivan's argument equates the time served on his term of community supervision with punishment, we must disagree. Such contention is certainly rejected by the language of the code of criminal procedure. See TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp.1998) (following revocation, judge may dispose of matter as if there had been no community supervision); *Krumboltz v. State*, 945 S.W.2d

176, 177 (Tex.App.—San Antonio 1997, no pet.).

Sullivan, in support of his argument, urges this Court to perform the three-part test set out in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. 3001. However, a strict application of the *Solem* test has been questioned since the Supreme Court rendered its opinion in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Several Texas courts of appeals, in discussing the applicability of *Solem,* observed that although five members of the Supreme Court in *Harmelin* rejected application of the three-factor test, seven of the justices in Harmelin supported an Eighth Amendment prohibition against grossly disproportionate sentences. *See Simmons v. State,* 944 S.W.2d 11, 15 (Tex.App.—Tyler 1996, no pet.); *Puga v. State,* 916 S.W.2d 547, 549 (Tex.App.—San Antonio 1996, no pet.) (citing *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992)); *Mathews v. State,* 918 S.W.2d 666, 668–69 (Tex.App.—Beaumont 1996, pet. ref'd); *Davis v. State,* 905 S.W.2d 655, 664 (Tex.App.—Texarkana 1995, pet. ref'd); *Lackey v. State,* 881 S.W.2d 418, 421 (Tex.App.—Dallas 1994, pet. ref'd). Accordingly, these courts applied some form of proportionality analysis.

The Fifth Circuit Court of Appeals, in interpreting *Harmelin,* first reviews the sentence to determine whether it is grossly disproportionate to the crime. *McGruder,* 954 F.2d at 316. Only if the court finds the sentence grossly disproportionate will it then consider the remaining factors of the *Solem* test. *Id.* This test was applied by the San Antonio, Beaumont, and Dallas Courts of Appeals. *Puga,* 916 S.W.2d at 549–50; *Math-*

ews, 918 S.W.2d at 669; *Lackey,* 881 S.W.2d at 421. The Tyler and Texarkana Courts of Appeals evaluated the proportionality of a sentence to the crime under the elements of *Solem. Simmons,* 944 S.W.2d at 15; *Davis,* 905 S.W.2d at 665.

■ Assuming, *arguendo,* the viability of a proportionality review,[1] application of either test leads us to the conclusion that Sullivan's sentence was not grossly disproportionate to the offense he committed. As noted above, Sullivan was found guilty of burglary of a habitation. Burglary of a habitation was, at the time of Sullivan's conviction, a first degree felony. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 927 (amended 1993) (current version at TEX. PENAL CODE ANN. § 30.02 (Vernon 1994)). At the time Sullivan's community supervision was revoked, burglary of a habitation had been reduced to a second degree felony. TEX. PENAL CODE ANN. § 30.02 (Vernon 1994). A felony of the first degree is punishable by a term of imprisonment for life or for any term of not more than ninety-nine years or less than five years, TEX. PENAL CODE ANN. § 12.32 (Vernon 1994). A felony of the second degree is punishable by a term of imprisonment of not more than twenty years or less than two years. TEX. PENAL CODE ANN. § 12.33 (Vernon 1994). The five year term imposed by the trial court, aside from representing only one-half of the sentence originally assessed by the jury and imposed by the trial court in 1987, is well below the maximum term of imprisonment permitted for a second degree felony, and represents the minimum term of incarceration for a felony of the first degree. In light of the nature of Sullivan's offense, the punishment range available, and the reduction of the sentence, we find that Sullivan's five year sentence is not grossly disproportionate to his crime. This finding ends any analysis under *McGruder.* In continuing the analysis using the *Solem* factors, we note that there is no evidence in the appellate record of the sentences imposed on criminals in Texas or other jurisdictions who committed a similar

---

1. Appellant, in his brief, acknowledges that under *Harris v. State,* 656 S.W.2d 481, 486 (Tex. Crim.App.1983), an appeal prefaced on the grounds of disproportionate punishment may be frivolous. In light of our holding, we need not express an opinion on this issue.

offense; therefore, we may not engage in a comparative evaluation. *Simmons,* 944 S.W.2d at 15.

Accordingly, we hold that under either test, Sullivan's sentence does not violate the cruel and unusual punishment provision of the Eighth Amendment. Sullivan's sole point of error is overruled, and the judgment of the trial court is affirmed.