NUMBER
13-04-380-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JORGE AYALA,                                                                                Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 117th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 








Appellant, Jorge Ayala, was convicted of burglary of
a habitation with intent to commit aggravated robbery.  Tex.
Pen. Code Ann. _ 30.02 (Vernon 2003).  He was
sentenced to sixty years= imprisonment, and the court ordered that the
sentence be stacked on a twenty-year sentence appellant had previously received
for an unrelated offense.  On appeal,
appellant contends (1) the trial court erred by admitting into evidence an
impermissibly suggestive pretrial photo lineup of appellant, and (2) the
sixty-year sentence and the order stacking the sentence on a prior twenty-year
sentence is cruel and unusual, and disproportionate to the crime committed, all
in violation of the Eighth and Fourteenth Amendments to the United States
Constitution.  We affirm.

I. Facts

On the day following the incident leading to
appellant=s arrest, Mrs. Ward, one of the victims, positively
identified appellant in a pretrial photo lineup.  The picture showed appellant wearing a red
v-neck shirt.  No other person in the
photo lineup wore a v-neck shirt.  Mrs.
Ward testified she picked out appellant within seconds and that his bony facial
features led her to that conclusion. 
Appellant was found guilty by a jury and elected to have the court
assess punishment.  The court considered
a variety of factors regarding punishment and sentenced appellant to sixty
years with time to commence after a prior twenty-year sentence ceased to
operate.

II. Impermissibly Suggestive Photo Line-Up

A. Standard of Review








When reviewing a trial court=s ruling on the admissibility of an identification
which has been attacked as the product of an impermissibly suggestive pretrial
identification procedure, the test is whether, considering the totality of
circumstances, Athe photographic identification procedure was so
impermissibly suggestive as to give rise to a very substantial likelihood of
irreparable misidentification.@  Loserth
v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998) (citing Simmons
 v. United States, 390 U.S. 377,
384 (1968)); Palma v. State, 76 S.W.3d 638, 643 (Tex. App.BCorpus Christi 2002, pet. ref=d).  The goal
of the review is to determine the reliability of the identification
procedure.  See Loserth, 963
S.W.2d at 772.  

The following five non-exclusive factors should be Aweighed against the corrupting effect of any
suggestive identification procedure in assessing reliability under the totality
of circumstances@: (1) the opportunity of the witness to view the
criminal at the time of the crime; (2) the witness=s degree of attention; (3) the accuracy of the
witness=s prior description of the criminal; (4) the level
of certainty demonstrated by the witness at confrontation; and (5) the length
of time between the crime and the confrontation.  Id. (citing Neil v. Biggers,
409 U.S. 188, 199 (1972)).  Each of the
individual Biggers factors are historical facts, and should be viewed
deferentially, in the light most favorable to the trial court=s ruling.  Id.

The application of the factors, and thus, the Aultimate conclusions as to whether the facts as
found state a constitutional violation, is a mixed question of law and fact.@  Id.
at 773.  Therefore, we review the trial
court=s application of the factors de novo.  Id. at 773-74.  When a trial court does not make express
findings of historical facts, the facts are viewed in a light favorable to the
court=s ruling.  Id.
at 774.

B. Analysis








Here, appellant=s first point of error attacks the trial court=s admission of the pretrial photo lineup into
evidence.  Appellant contends that the
red v-neck shirt he wore in the photo lineup easily distinguished him.  Assuming, arguendo, this identification
procedure was in fact impermissibly suggestive does not, however, automatically
render the victim=s positive identification of appellant inadmissible.  Rather, our task is to determine whether,
considering the totality of circumstances, the identification procedure was so
impermissibly suggestive as to give rise to a very substantial likelihood of
irreparable misidentification.  Taking
into consideration the Biggers factors, we are not prepared to say a
very substantial likelihood of irreparable misidentification occurred.     

The evidence shows that (1) Mrs. Ward was in the
presence of her assailant for thirty to forty minutes and had several occasions
to see his face, (2) she tried and was determined to memorize her assailant=s facial features, (3) she described her assailant
as having bony facial features, (4) she picked appellant out of the photo
lineup within seconds, and (5) her identification was just a day after the
incident.  Thus, even if the shirt worn
by appellant in the photo lineup was impermissibly suggestive, consideration of
the Biggers factors prevents a very substantial likelihood of
irreparable misidentification.  See id.
at 772.  We overrule appellant=s first point of error.

III. Cruel and Unusual Punishment

A.  Waiver








In his second point of error, appellant contends the
sixty-year sentence and the order to stack the sentence on top of a prior
twenty-year sentence he received amounted to cruel and unusual punishment and
was disproportionate to the seriousness of the offense, all in violation of the
Eighth and Fourteenth Amendments to the United States Constitution.  However, appellant failed to preserve this
issue for review.  It is well-established
that almost every right, constitutional or statutory, may be waived by the
failure to object.  Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986); Borgen v. State, 672 S.W.2d
456, 460 (Tex. Crim. App. 1984); Quintana v. State, 777 S.W.2d 474, 479
(Tex. App.BCorpus Christi 1989, pet. denied).  Neither an obvious unconstitutional statute
nor a fundamental error are at issue here; appellant instead only raises
well-established issues already considered by the court of criminal appeals and
this Court.  

B. Solem Test

Nevertheless, even if appellant had properly
objected at trial and presented constitutional grounds for appellate review,
there is no reversible error.  Appellant
urges us to perform the three-part test set out in Solem v. Helm, 463
U.S. 277, 290-91 (1983).  Under this
test, the proportionality of a sentence is evaluated by considering  (1) the gravity of the offense and the
harshness of the penalty; (2) the sentences imposed on other criminals in the
same jurisdiction; and (3) the sentences imposed for commission of the same
crime in other jurisdictions.  Id.
at 292.  However, the strict application
of Solem has been questioned since the Supreme Court=s decision in Harmelin v. Michigan, 501 U.S.
957 (1991).  Even if we assume that the Solem
test remains viable today, the requirements have not been satisfied.  

Burglary of a habitation while committing or
attempting to commit a felony, other than felony theft, is a first-degree
felony offense, Tex. Pen. Code Ann.
_ 30.02(d) (Vernon 2003), and punishable by a term of imprisonment for
life or five to ninety-nine years.  Tex. Pen. Code Ann. _ 12.32(a) (Vernon 2003).  If a sentence falls within the limits
prescribed by a valid statute, the punishment is not per se excessive, cruel,
or unusual.  See Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d
949, 952 (Tex. Crim. App. 1973). 
Moreover, the trial judge had discretion to order appellant=s sentence to commence when his previous sentence
ceased to operate.  Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2004-05).  








Continuing the analysis under Solem, there is
no evidence in the appellate record reflecting the sentences imposed on
criminals in Texas or other jurisdictions who have committed a similar
offense.  Therefore, we are unable to
engage in a comparative analysis.  Sullivan
v. State, 975 S.W.2d 755, 757-58 (Tex. App.BCorpus
Christi 1998, no pet.); Simmons v. State, 944 S.W.2d 11, 14 (Tex. App.BTyler 1996, pet. denied).  The sixty-year sentence received by appellant
is well below the maximum sentence allowed by law.  Taking into consideration the nature of the
offense committed, the punishment range available, and appellant=s prior criminal history, we find that the sentence
is not grossly disproportionate to the crime. 
Accordingly, we overrule appellant=s second issue.         

VI. Conclusion

We affirm the judgment of the trial court.      

    

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 18th day of August, 2005.