NUMBER
13-05-068-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

CAESAR SERRANO,                                                                        Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 36th District
Court

                                    of
San Patricio County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez








Appellant, Caesar Serrano, entered a plea of guilty
for the first-degree felony offense of possession of cocaine with intent to
deliver and was sentenced to twelve years' imprisonment, a $2,000 fine, and
$140 in restitution.  In one issue,
appellant contends that his punishment was cruel and unusual in violation of
the federal and state constitutions.  We
affirm.

The record reflects that appellant pled guilty and
was sentenced by the trial judge.  After
his sentence was announced, appellant failed to object on any grounds.  A party must make a timely and specific
objection, request, or motion at trial to preserve error for appellate
review.  Tex. R. App. P. 33.1(a). 
Appellant did not make any objections to the trial court concerning his
sentence, and consequently he did not preserve this issue for our review.  See id. 
Appellant also failed to file a motion for new trial to set forth
his claim of disproportionate punishment. 
See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996);
Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.BHouston [14th Dist.] 2001, pet. ref'd) (holding
appellant forfeited any error with regard to his federal and state
constitutional rights to be free of cruel and unusual punishment when he failed
to object or file a post‑trial motion on these grounds).








Furthermore, appellant was convicted of possession
of 8.24 grams of cocaine with intent to deliver.  Possession of this amount of cocaine is
considered a first‑degree felony with a punishment range of five to
ninety‑nine years or life imprisonment.  See Tex.
Health & Safety Code Ann. ' 481.112(d) (Vernon Supp. 2004-05); Tex. Pen. Code Ann. ' 12.32(a) (Vernon 2003).  Appellant's sentence of twelve years'
imprisonment falls at the lower end of this statutory range. Punishment within
the statutory range is generally not considered disproportionate in violation
of federal and state constitutional prohibitions of cruel and unusual
punishment.  See Witt v. State,
475 S.W.2d 259, 262 (Tex. Crim. App. 1972). 
If, however, a punishment within the statutory range is found Agrossly disproportionate@ to the offense, this Court must compare it to
sentences for similar crimes in both the same and other jurisdictions.  See Solem v. Helm, 463 U.S. 277, 291‑92
(1983); Baldridge v. State, 77 S.W.3d 890, 893 (Tex. App.BHouston [14th Dist.] 2002, pet. ref'd).  Here, there is nothing in the record to
suggest that the severity of the sentence was "grossly
disproportionate" to the gravity of the offense.  See Sullivan v. State, 975 S.W.2d 755,
757‑58 (Tex. App.BCorpus Christi 1998, no pet.).  Further, because the error was not properly
preserved, there is no evidence for us to review regarding sentences for
comparable offenses in this and other jurisdictions.  See id. 

Appellant=s issue is overruled.  The judgment of the trial court is affirmed.

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 9th day of February, 2006.