NUMBERS
13-05-387-CR AND 13-05-388-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

 

 

 

LAWRENCE
BURNETT, JR.,                                       Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                  On
appeal from the 130th District Court

                         of
Matagorda County, Texas.

 

 

 

                     MEMORANDUM
OPINION[1]

 

                 Before
Justices Hinojosa, Rodriguez, and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant, Lawrence Burnett, Jr., was convicted of
delivery of a controlled substance in each of these two cases.  See Tex.
Health & Safety Code Ann. ' 481.112 (Vernon 2003).  The trial court sentenced appellant to two
years' confinement, suspended for five years' community supervision, in each
case.  Subsequently, the State filed
motions to revoke the suspended sentences based on appellant's alleged
violations of the terms of his community supervision.  Following a hearing, the trial court revoked
appellant's community supervision in each case and sentenced him to sixteen
months' imprisonment.  Appellant filed
motions for new trial and motions in arrest of judgment.  The trial court denied said motions.  In a single point of error, appellant
contends the sentence assessed by the trial court constitutes cruel and unusual
punishment.  We affirm.

I.  Background

All issues of law presented by this case are well
settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Analysis

By his sole point of error, appellant contends that
the sentence imposed by the trial court in each case constitutes cruel and
unusual punishment.[2]  More specifically, appellant claims that the
punishment assessed by the trial court was disproportionate to the gravity of
the offense.[3]  We disagree.








Appellant urges this Court to apply the Solem
or McGruder proportionate analysis test to his sentence.  See Solem v. Helm, 463 U.S. 277, 291
(1983); McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992).  This Court has recognized that "the
viability and mode of application of proportionate analysis . . . has been
questioned since the Supreme Court's decision in Harmelin v. Michigan,
501 U.S. 957 (1991)."  Trevino v.
State, 174 S.W.3d 925, 928 (Tex. App.BCorpus Christi 2005, pet. ref'd) (citing McGruder
v. Puckett, 954 F.2d 313, 315-16) (discussing the various opinions issued
in Harmelin, 501 U.S. at 957, and their impact on the Solem
decision)); see Sullivan v. State, 975 S.W.2d 755, 757-58 (Tex. App.BCorpus Christi 1998, no pet.) (discussing the
implications of the Harmelin opinion and reviewing the proportionality
of appellant's sentence under the Solem and McGruder tests).  Assuming, arguendo, the viability of a
proportionality review, as we did in Sullivan, we will apply the Solem
and McGruder tests to the facts of this case.  See Sullivan, 975 S.W.2d at 757-58.








In both Solem and McGruder, we look
first at the gravity of the offense and the harshness of the penalty.  Solem, 463 U.S. at 290; McGruder,
954 F.2d at 316.  Appellant was found
guilty of delivery of a controlled substance which is a state jail felony
punishable by a term of imprisonment ranging from 180 days to two years in
length.  See Tex. Health & Safety Code Ann. ' 481.112 (Vernon 2003); Tex. Pen. Code Ann. ' 12.35 (Vernon 2003).  The sixteen month sentence is eight months
shorter than both the sentence originally assessed by the trial court and the
maximum term permitted for a state jail felony. 
In light of the nature of appellant's offense, the punishment range
available, and the reduction of the sentence by the trial court, we conclude
that appellant's sixteen month sentence is not grossly disproportionate to his
crime.  This finding ends our analysis
under McGruder.  See McGruder,
954 F.2d at 316; see also Sullivan, 975 S.W.2d at 757.  Further, because there is no evidence in the
appellate record of the sentences imposed for other crimes in Texas or for the
same crime in other jurisdictions, we may not perform a comparative evaluation
using the remaining Solem factors. 
See Solem, 463 U.S. at 292; see also Sullivan,  975 S.W.2d at 757-58.  Therefore, we conclude that appellant's
sentence in each case is neither grossly disproportionate nor cruel and
unusual.  Appellant's sole point of error
is overruled.

III. 
Conclusion

Accordingly, we affirm the judgments of the trial
court.

 

NELDA V. RODRIGUEZ

Justice

 

Do
not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and

filed
the 13th day of July, 2006.

 

 

 











[1]On appeal, appellant complains of
the sentence imposed upon him in cause numbers 99-J-171-SJ and
99-J-172-SJ.  Because the cases are
similar in nature, we will address them together.





[2]The State contends that appellant
failed to preserve the issue for appellate review.  However, error was preserved through
appellant=s motion for new trial.  See Tex.
R. App. P. 33.1(a).





[3]Appellant also asserts that the
punishment assessed was disproportionate to the probation time he had
completed.  However, he provides us with
no authority, and we find none, to support the proposition that the
proportionality of the sentence should be reviewed in light of probation time
completed.  See Tex. R. App. P. 38.1(h) (providing that
appellant=s brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record). Therefore, this contention is not before us.