NUMBER 13-05-561-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







MICHAEL ARTHUR MCGIFFIN
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 24th District Court


of Calhoun County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Michael Arthur McGiffin, was convicted of sexual assault of a child. 
See Tex. Pen. Code Ann. § 22.011(f) (Vernon 2003). The trial court sentenced
appellant to fifty-five years' confinement and ordered him to pay a $10,000 fine. By
three issues, appellant asserts that (1) the sentence assessed by the trial court
constitutes cruel and unusual punishment, (2) the trial court abused its discretion in
denying his motion for continuance, and (3) trial counsel provided ineffective
assistance. We affirm.

I. Background

 Appellant was represented throughout the various stages of trial by a total of
four different attorneys. Appellant's fourth and final trial attorney requested a thirty-day continuance, which the trial court granted. The trial was reset from June 20,
2005 to July 18, 2005. On July 7, 2005, trial counsel requested, orally, an additional
thirty-day continuance due to a back injury he had sustained. The trial court denied
said motion.

II. Cruel and Unusual Punishment

 By his first point of error, appellant contends that the sentence imposed by the
trial court in this case constitutes cruel and unusual punishment. More specifically,
appellant claims that the punishment assessed by the trial court was disproportionate
to the gravity of the offense. (1) We disagree.

 Appellant urges this Court to apply the Solem proportionate analysis test to his
sentence. See Solem v. Helm, 463 U.S. 277, 291 (1983). This Court has recognized
that "the viability and mode of application of proportionate analysis . . . has been
questioned since the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957
(1991)." Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005,
pet. ref'd) (citing McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992)
(discussing the various opinions issued in Harmelin, 501 U.S. at 957, and their impact
on the Solem decision)); see Sullivan v. State, 975 S.W.2d 755, 757-58 (Tex.
App.-Corpus Christi 1998, no pet.) (discussing the implications of the Harmelin
opinion and reviewing the proportionality of appellant's sentence under the Solem and
McGruder tests). Assuming, arguendo, the viability of a proportionality review, as we
did in Sullivan, we will apply both the Solem and McGruder tests to the facts of this
case. See Sullivan, 975 S.W.2d at 757-58.

 In both Solem and McGruder, we look first at the gravity of the offense and the
harshness of the penalty. (2) Solem, 463 U.S. at 290; McGruder, 954 F.2d at 316. 
Appellant was found guilty of sexual assault of a child, a second degree felony,
enhanced to a first degree felony based on prior offenses. A first degree felony is
punishable by imprisonment in the institutional division for life or for any term of not
more than ninety-nine years or less than five years. Tex. Pen. Code Ann. § 12.32
(Vernon 2003). The fifty-five year sentence is forty-four years shorter than the
available ninety-nine year maximum term permitted for a state jail felony. In light of
the nature of appellant's offense and the punishment range available, we conclude that
appellant's fifty-five year sentence is not grossly disproportionate to his crime. This
finding ends our analysis under McGruder. See McGruder, 954 F.2d at 316; see also
Sullivan, 975 S.W.2d at 757. Because there is no evidence in the appellate record of
the sentences imposed for other crimes in Texas or for the same crime in other
jurisdictions, we may not perform a comparative evaluation using the remaining Solem
factors. (3) See Solem, 463 U.S. at 292; see also Sullivan, 975 S.W.2d at 757-58. 
Therefore, we conclude that appellant's sentence in this case is neither grossly
disproportionate nor cruel and unusual. Appellant's first point of error is overruled.

III. Motion for Continuance

 By his second point of error, appellant asserts that the trial court abused its
discretion in denying his motion for continuance. The State argues, however, that
appellant failed to preserve this complaint for review. We agree.

 Article 29.03 of the Texas Code of Criminal Procedure requires that a motion
for continuance be in writing. See Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon
2005). In addition, article 29.08 requires that all motions for continuance be sworn
to by a person having personal knowledge of the facts relied on for the continuance. 
Id. art. 29.08. Moreover, the Texas Court of Criminal Appeals has held that "a motion
for continuance not in writing and not sworn to preserves nothing for review." 
Dewberry v. State, 4 S.W.3d 735, 755 (1999) (citing Matamoros v. State, 901
S.W.2d 470, 478 (Tex. Crim. App. 1995); Montoya v. State, 810 S.W.2d 160, 176
(Tex. Crim. App. 1989)). Here, appellant presented an unsworn oral motion for a
continuance. Because this motion was oral, instead of written, and not sworn to,
appellant failed to preserve error with respect to the motion. Id. Therefore, we
overrule appellant's second point of error. 

IV. Ineffective Assistance of Counsel

 By his third point of error, appellant contends that he was denied effective
assistance of counsel. More specifically, appellant claims that his counsel's failure to
properly present his motion for continuance to the trial court prior to the
commencement of trial precluded appellant from obtaining relevant witness testimony. 
We disagree.

A. Standard of Review

 The standard of review for an ineffective assistance of counsel claim is well-established. Appellant must show that (1) counsel's performance was deficient and
(2) the deficient performance prejudiced the defense. Strickland v. Washington, 466
U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986). We must indulge a strong presumption that counsel's conduct fell within a
wide range of reasonable professional assistance; that is, the defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Strickland, 466 U.S. at 689. To carry this burden,
appellant must demonstrate that counsel's performance fell below an objective
standard of reasonableness under prevailing professional norms, and that there is a
reasonable probability that, but for counsel's deficiency, the result of the trial would
have been different. Id. at 694. Whether this burden has been met is to be judged
by the totality of the representation, not by isolated acts or omissions. Rodriguez v.
State, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). Although the constitutional
right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984);
see Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993).

B. Applicable Law

 Although counsel may fail to present a proper motion for continuance, this
failure does not necessarily constitute ineffective assistance. See Bernal v. State, 930
S.W.2d 636, 641 (Tex. App.-Corpus Christi 1996, pet. ref'd). Without a showing
that a potential witness's testimony would have benefitted him, an appellant cannot
show that his trial counsel erred in failing to file a proper motion for continuance. See
Holland v. State, 761 S.W.2d 307, 319 (Tex. Crim. App. 1988); see also Johnson v.
State, 915 S.W.2d 653, 662 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd). 

C. Analysis

 Here, appellant asserts that his counsel was ineffective for not filing a proper
motion for continuance to obtain the presence of witnesses appellant alleges could
have testified on his behalf at trial. However, the record does not reveal the names
of any such witnesses, nor does it show the substance of any of the testimony that
such witnesses could have offered. Without a showing that he would have benefitted
from any such testimony, appellant cannot show that his trial counsel erred in failing
to file a proper motion for continuance. See Holland, 761 S.W.2d at 319; see also
Bernal, 930 S.W.2d at 641 (stating "We fail to see how a continuance would have
benefitted appellant. . . . We hold that the trial counsel's decision not to seek a
continuance was not deficient conduct."). Thus, we conclude that appellant failed to
establish that trial counsel's conduct fell below an objective standard of
reasonableness or was deficient. See Strickland, 466 U.S. at 689. Because appellant
did not satisfy the first prong of the Strickland test, we need not address the second
prong. See id. at 688. Appellant's third point of error is overruled. 

V. Conclusion


 Accordingly, we affirm the judgment of the trial court.

 

 NELDA RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 10th day of August, 2006.
1. We note that appellant also suggests that the gravity of his offense is mitigated based on the
following factors: "(1) the sexual relations between appellant and the minor were not forcible, and (2)
the minor's parents accepted significant financial support from appellant during his relationship with
her." However appellant provides us with no authority, and we find none, to support the proposition
that the proportionality of his sentence should be reviewed in light of such facts. Therefore, we decline
to review the proportionality of appellant's sentence in such a manner.
2. We note that appellant does not dispute his $10,000 fine.
3. We also note that to the extent that appellant, in his reply brief, attempts to provide a
comparison of sentences imposed for other crimes in Texas, the briefing is inadequate. See Tex. R. App.
P. 38.1(h) (providing that appellant's brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record).