

# NUMBER 13-08-00504-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAMIRO GONZALEZ,                                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                                      **Appellee.**

## On appeal from the 105th District Court
## of Kleberg County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Ramiro Gonzalez, challenges his sentence of twenty years' imprisonment for the offense of aggravated sexual assault of a child, a first-degree felony. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (e) (Vernon Supp. 2008). By his sole issue,

Gonzalez contends that the punishment assessed violated his federal constitutional rights. *See* U.S. CONST. VIII, XIV.  We affirm.

## I. BACKGROUND

Gonzalez was charged by indictment with five counts of aggravated sexual assault of a child.  *See* TEX. PENAL CODE ANN. § 22.021.  Pursuant to an agreement with the State, Gonzalez pleaded guilty to one count, and the State dismissed the remaining counts.  After accepting Gonzalez's plea of guilty, the trial court deferred adjudication of guilt, placed Gonzalez on community supervision for a period of ten years, and imposed a fine of $2,500.

The State subsequently filed a motion to revoke Gonzalez's community supervision. In its motion, the State alleged that Gonzalez violated fifteen terms of his community supervision.  At the hearing on the motion, Gonzalez pleaded "true" to all of the State's allegations.  The State recommended a sentence of six years' imprisonment.  However, after adjudicating Gonzalez's guilt as to one count of aggravated sexual assault of a child, the trial court revoked his community supervision and sentenced him to twenty years' confinement.

## II. DISCUSSION

By his sole issue, Gonzalez argues that the sentence imposed by the trial court was in violation of the Eighth Amendment to the United States Constitution.  *See* U.S. CONST. amend. VIII. Specifically, Gonzalez argues that the sentence is cruel, unusual, and grossly disproportionate to his crime.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted." *Id.*

To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). The failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for our review. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial court's sentence below, [the appellant] forfeited his complaint" the sentence was cruel and unusual and because the proportionality issue was not preserved, we need not consider its application); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (overruling appellant's complaint that the sentence was grossly disproportionate because appellant did not object to the sentence assessed by the trial court).

Gonzalez complains for the first time on appeal that his Eighth Amendment rights have been violated because the sentence is grossly disproportionate to the offense committed and the sentence is cruel and unusual. Therefore, his argument is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 928; *Solis*, 945 S.W.2d at 301.

Nonetheless, Gonzalez asks this Court to apply the three-part test articulated in *Solem v. Helm* to his sentence and conclude that his sentence is grossly disproportionate to his crime. 463 U.S. 277, 292 (1983). However, this Court has noted that "the viability

3

and mode of application of [the *Solem*] proportionate analysis . . . has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992)). In *Sullivan v. State*, this Court applied both the *Solem* and *McGruder* tests to determine whether the appellant's sentence was grossly disproportionate to the offense he committed. 975 S.W.2d 755, 757-58 (Tex. App.—Corpus Christi, 1998, no pet.); *see also Solem*, 463 U.S. at 290; *McGruder*, 954 F.2d at 316. Therefore, assuming, arguendo, the viability of a proportionality review, as we did in *Sullivan*, we will apply both the *Solem* and *McGruder* tests to the facts of this case. *See Sullivan*, 975 S.W.2d at 757-58. The *Solem* court determined that the proportionality of a sentence is evaluated by considering the following: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292; *Sullivan*, 975 S.W.2d at 757. Under the *McGruder* test "[o]nly if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *McGruder*, 954 F.2d at 315-16.

Under both tests, we review the gravity of the offense and the harshness of the penalty first. *See Sullivan*, 975 S.W.2d at 757; *see also Solem*, 463 U.S. at 290; *McGruder*, 954 F.2d at 316. Gonzalez was found guilty of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (e). The twenty-year sentence is well below the maximum sentence allowed by law. *See id.* §

4

12.32(a). The maximum punishment range for a first-degree felony is life or for any term of not more than ninety-nine years or less than five years. *Id.* Punishment assessed within the statutory limits is generally not cruel and unusual punishment. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App.–Houston [1st Dist.] 1992, no pet.). In light of the nature of Gonzalez's offense and the punishment range available, we conclude that Gonzalez's twenty-year sentence is not grossly disproportionate to his crime. This finding ends our analysis under *McGruder*. *See McGruder*, 954 F.2d at 316; *see also Sullivan*, 975 S.W.2d at 757. Because there is no evidence in the appellate record of the sentences imposed for other crimes in Texas or for the same crime in other jurisdictions, we may not perform a comparative evaluation using the remaining *Solem* factors. *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58. Therefore, we conclude that Gonzalez's sentence in this case is neither cruel and unusual nor grossly disproportionate to the crime committed. We overrule Gonzalez's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 19th day of February, 2009.

5