NUMBER 13-08-00504-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RAMIRO GONZALEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 
On appeal from the 105th District Court 

of Kleberg County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Ramiro Gonzalez, challenges his sentence of twenty years' imprisonment
for the offense of aggravated sexual assault of a child, a first-degree felony. See Tex.
Penal Code Ann. § 22.021(a)(1)(B)(i), (e) (Vernon Supp. 2008). By his sole issue,
Gonzalez contends that the punishment assessed violated his federal constitutional rights. 
See U.S. Const. VIII, XIV. We affirm.

I. Background

 Gonzalez was charged by indictment with five counts of aggravated sexual assault
of a child. See Tex. Penal Code Ann. § 22.021. Pursuant to an agreement with the State,
Gonzalez pleaded guilty to one count, and the State dismissed the remaining counts. After
accepting Gonzalez's plea of guilty, the trial court deferred adjudication of guilt, placed
Gonzalez on community supervision for a period of ten years, and imposed a fine of
$2,500.

 The State subsequently filed a motion to revoke Gonzalez's community supervision. 
In its motion, the State alleged that Gonzalez violated fifteen terms of his community
supervision. At the hearing on the motion, Gonzalez pleaded "true" to all of the State's
allegations. The State recommended a sentence of six years' imprisonment. However,
after adjudicating Gonzalez's guilt as to one count of aggravated sexual assault of a child,
the trial court revoked his community supervision and sentenced him to twenty years'
confinement.

II. Discussion

 By his sole issue, Gonzalez argues that the sentence imposed by the trial court was
in violation of the Eighth Amendment to the United States Constitution. See U.S. Const.
amend. VIII. Specifically, Gonzalez argues that the sentence is cruel, unusual, and grossly
disproportionate to his crime. The Eighth Amendment provides that "[e]xcessive bail shall
not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted." 
Id.

 To preserve error for appellate review, a party must present a timely objection to the
trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P.
33.1(a). The failure to specifically object to an alleged disproportionate or cruel and
unusual sentence in the trial court or in a post-trial motion waives any error for our review. 
Noland v. State, 264 S.W.3d 144, 151 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd) ("[I]n
order to preserve for appellate review a complaint that a sentence is grossly
disproportionate, constituting cruel and unusual punishment, a defendant must present to
the trial court a timely request, objection, or motion stating the specific grounds for the
ruling desired."); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005,
pet. ref'd) (providing that "by failing to object to the trial court's sentence below, [the
appellant] forfeited his complaint" the sentence was cruel and unusual and because the
proportionality issue was not preserved, we need not consider its application); Solis v.
State, 945 S.W.2d 300, 301 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (overruling
appellant's complaint that the sentence was grossly disproportionate because appellant
did not object to the sentence assessed by the trial court).

 Gonzalez complains for the first time on appeal that his Eighth Amendment rights
have been violated because the sentence is grossly disproportionate to the offense
committed and the sentence is cruel and unusual. Therefore, his argument is not
preserved for our review. See Tex. R. App. P. 33.1(a); Noland, 264 S.W.3d at 151;
Trevino, 174 S.W.3d at 928; Solis, 945 S.W.2d at 301.

 Nonetheless, Gonzalez asks this Court to apply the three-part test articulated in
Solem v. Helm to his sentence and conclude that his sentence is grossly disproportionate
to his crime. 463 U.S. 277, 292 (1983). However, this Court has noted that "the viability
and mode of application of [the Solem] proportionate analysis . . . has been questioned
since the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957 (1991)." 
Trevino, 174 S.W.3d at 928 (citing McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir.
1992)). In Sullivan v. State, this Court applied both the Solem and McGruder tests to
determine whether the appellant's sentence was grossly disproportionate to the offense
he committed. 975 S.W.2d 755, 757-58 (Tex. App.--Corpus Christi, 1998, no pet.); see
also Solem, 463 U.S. at 290; McGruder, 954 F.2d at 316. Therefore, assuming, arguendo,
the viability of a proportionality review, as we did in Sullivan, we will apply both the Solem
and McGruder tests to the facts of this case. See Sullivan, 975 S.W.2d at 757-58. The
Solem court determined that the proportionality of a sentence is evaluated by considering
the following: (1) the gravity of the offense and the harshness of the penalty; (2) the
sentences imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292;
Sullivan, 975 S.W.2d at 757. Under the McGruder test "[o]nly if we infer that the sentence
is grossly disproportionate to the offense will we then consider the remaining factors of the
Solem test and compare the sentence received to (1) sentences for similar crimes in the
same jurisdiction and (2) sentences for the same crime in other jurisdictions." McGruder,
954 F.2d at 315-16.

 Under both tests, we review the gravity of the offense and the harshness of the
penalty first. See Sullivan, 975 S.W.2d at 757; see also Solem, 463 U.S. at 290;
McGruder, 954 F.2d at 316. Gonzalez was found guilty of aggravated sexual assault of
a child, a first-degree felony. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (e). The
twenty-year sentence is well below the maximum sentence allowed by law. See id. §
12.32(a). The maximum punishment range for a first-degree felony is life or for any term
of not more than ninety-nine years or less than five years. Id. Punishment assessed within
the statutory limits is generally not cruel and unusual punishment. Samuel v. State, 477
S.W.2d 611, 614 (Tex. Crim. App. 1972); Swinney v. State, 828 S.W.2d 254, 259 (Tex.
App.-Houston [1st Dist.] 1992, no pet.). In light of the nature of Gonzalez's offense and
the punishment range available, we conclude that Gonzalez's twenty-year sentence is not
grossly disproportionate to his crime. This finding ends our analysis under McGruder. See
McGruder, 954 F.2d at 316; see also Sullivan, 975 S.W.2d at 757. Because there is no
evidence in the appellate record of the sentences imposed for other crimes in Texas or for
the same crime in other jurisdictions, we may not perform a comparative evaluation using
the remaining Solem factors. See Solem, 463 U.S. at 292; see also Sullivan, 975 S.W.2d
at 757-58. Therefore, we conclude that Gonzalez's sentence in this case is neither cruel
and unusual nor grossly disproportionate to the crime committed. We overrule Gonzalez's
sole issue.

III. Conclusion

 We affirm the trial court's judgment.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 19th day of February, 2009.