

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00338-CR

MARCUS S. CARTER          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1345217D

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a judgment revoking deferred adjudication community supervision and adjudicating guilt. Appellant Marcus S. Carter pleaded guilty, pursuant to a plea agreement, to aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). Following this plea, the trial court placed Carter on two years' deferred

---

[1]*See* Tex. R. App. P. 47.4.

adjudication community supervision and imposed a $200 fine. The State filed a petition to proceed to adjudication, alleging in two paragraphs violations of the conditions of Carter's deferred adjudication community supervision. Carter pleaded true to both paragraphs. The trial court found that Carter had violated both paragraphs, revoked his deferred adjudication community supervision, adjudicated his guilt of the offense of aggravated assault with a deadly weapon, and sentenced him to eight years' confinement. In a single point, Carter argues that the eight-year sentence imposed by the trial court constitutes cruel and unusual punishment.[2] We will affirm.

In addressing an Eighth Amendment disproportionality complaint, we first compare the gravity of the offense against the severity of the sentence. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). Only after a determination that the sentence is grossly disproportionate to the offense do we proceed to consider other factors. *Id.* at 541.

Here, Carter has not shown that his sentence of eight years' confinement is grossly disproportionate to the gravity of the offense he committed— aggravated assault with a deadly weapon. Although Carter argues that an eight-year sentence was not warranted because his "probationary violations were simply technical violations," our comparison of the gravity of the offense and the punishment assessed must evaluate the original offense, not the violations of the

---

[2]Carter preserved this issue by raising it in his motion for new trial and by presenting his motion to the trial court.

conditions of his deferred adjudication community supervision. *See Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.). Comparing the gravity of the offense against the severity of his sentence, we conclude that, given the nature of the offense and the punishment range; the relationship Carter had to the victim, his wife, who subsequently obtained a thirty-five-year protective order against Carter as a result of his continuing violent, threatening, and harassing behavior toward her; and Carter's past criminal record, which included two prior convictions for harassing his wife and his stepdaughter and a conviction for theft, Carter's sentence of eight years' confinement was not unconstitutionally disproportionate to the original offense of aggravated assault with a deadly weapon.[3] *See Solem*, 463 U.S. at 290, 103 S. Ct. at 3010; *Moore*, 54 S.W.3d at 542–43. We overrule Carter's sole point.

---

[3]Even if we determined a disproportionality did exist between the gravity of Carter's offense and the punishment assessed, there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which we could address the next two factors in an Eighth Amendment cruel-and-unusual-punishment analysis. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983).

3

Having overruled Carter's sole point, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015