NUMBERS 13-07-737-CR and 13-07-738-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANGELITA TREVINO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela



 Appellant, Angelita Trevino, was convicted on two counts of aggravated sexual
assault of a child. See Tex. Penal Code Ann. § 22.021(a). She now appeals the trial
court's imposition of two concurrent ten-year sentences in the Institutional Division of the
Texas Department of Criminal Justice, claiming the sentences are disproportionate to the
seriousness of the offenses. We affirm.

I. Background


 Trevino pleaded guilty to two counts of aggravated sexual assault of a child. See
Tex. Penal Code Ann. § 22.021(a) (Vernon Supp. 2007). The trial court deferred
adjudication of guilt and placed her on ten years' community supervision. On September
27, 2007, Trevino was indicted for failure to comply with the sex-offender registration
requirements. See Tex. Code of Crim. Proc. Ann. art. 62.102(a) (Vernon 2006). The
State filed a motion to revoke Trevino's community supervision, alleging she violated her
community supervision by failing to: (1) register as a sex offender; (2) report to her
community-supervision officer; (3) pay fines and fees; and (4) participate in sex-offender
treatment programs. On November 30, 2007, Trevino pleaded guilty to the indictment, and
she pleaded true to the allegations that she had violated conditions of her community
supervision. The trial court sentenced her to two concurrent sentences of ten years'
confinement in the Institutional Division of the Texas Department of Criminal Justice.

II. Discussion


 By one issue, Trevino contends the punishment was disproportionate to the
seriousness of the offense, in violation of the Eighth and Fourteenth Amendments to the
United States Constitution. See U.S. Const. amends VIII and XIV. The Eighth
Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines
imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII; see
Robinson v. California, 370 U.S. 660, 675 (1962). The Eighth Amendment is applicable
to punishments imposed by state courts through the Due Process Clause of the Fourteenth
Amendment. Robinson, 370 U.S. at 675. 

 Trevino did not object to her sentence in the trial court. Additionally, she did not file
any post-trial motions or objections complaining that her sentence was either
disproportionate to the seriousness of the offense, or complaining about the disparity,
cruelty, unusualness or excessiveness of the sentence. 

 To preserve error for appellate review, a party must present a timely objection to the
trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P.
33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The failure to
specifically object to an alleged disproportionate sentence in the trial court or in a post-trial
motion waives any error for our review. Jacoby v. State, 227 S.W.3d 128, 130 (Tex.
App.-Houston [1st Dist.] 2006, pet. ref'd); see, e.g., Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court about
consecutive sentencing waived error); Solis v. State, 945 S.W.2d 300, 301-02 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate
sentence violative of Eighth Amendment was forfeited by failure to object). Here, Trevino
neither objected to the alleged disproportionality of the sentence in the trial court, nor
raised the issue in a post-trial motion; she is raising it for the first time on appeal. Her
argument, therefore, is not preserved for review. See Tex. R. App. P. 33.1(a); Jacoby, 227
S.W.3d at 130.

 Even assuming Trevino preserved the complaint, we note that her ten-year
sentences were within the statutorily prescribed punishment range. Trevino pleaded guilty
to the charge of failure to comply with sex-offender registration requirements, a third-degree felony. See Tex. Code Crim. Proc. Ann. art. 62.102(b)(2). Punishment for a third-degree felony is imprisonment for a term of not more than ten years or less than two years,
and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003). Trevino
also was adjudicated guilty of two counts of aggravated sexual assault of a child, a first-degree felony. Id. § 22.021(e). Punishment for a first-degree felony is imprisonment from
five to ninety-nine years or life, and a fine not to exceed $10,000. Id. § 12.32 (Vernon
2003). Punishment assessed within the statutory limits is generally not cruel and unusual
punishment. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Swinney v.
State, 828 S.W.2d 254, 259 (Tex. App.-Houston [1st Dist.] 1992, no pet.).

 Trevino asks this Court to apply the Solem proportionate analysis test to her
sentence. See Solem v. Helm, 463 U.S. 277, 290-92 (1983). This Court has recognized
that "the viability and mode of application of proportionate analysis . . . has been
questioned since the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957
(1991)." Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd)
(citing McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various
opinions issued in Harmelin, and their impact on the Solem decision)); see Sullivan v.
State, 975 S.W.2d 755, 757-58 (Tex. App.-Corpus Christi 1998, no pet.) (discussing the
implications of the Harmelin opinion and reviewing the proportionality of appellant's
sentence under the Solem and McGruder tests). Assuming, arguendo, the viability of a
proportionality review, as we did in Sullivan, we will apply both the Solem and McGruder
tests to the facts of this case. See Sullivan, 975 S.W.2d at 757-58; McGiffin v. State, No.
13-05-561-CR, 2006 WL 2294553, *1 (Tex. App.-Corpus Christi, August 10, 2006, no pet.)
(mem. op.) (not designated for publication). In both Solem and McGruder, we look first at
the gravity of the offense and the harshness of the penalty. Solem, 463 U.S. at 290-91;
McGruder, 954 F.2d at 316.

1. Gravity of the Offenses

 Trevino pleaded guilty to two counts of aggravated sexual assault of a child. Both
offenses are first-degree felonies. The trial court placed her on community supervision for
these offenses. She violated the terms and conditions of her community supervision by,
among other things, failing to register as a sex offender, a third-degree felony. She
pleaded guilty to that offense, and she pleaded true to the allegations she violated the
terms and conditions of her community supervision.

2. Harshness of the Penalties

 Based upon the seriousness of Trevino's convictions for aggravated sexual assault
of a child, her failure to register as a sex offender, and the punishment ranges available,
we conclude Trevino's sentences are not grossly disproportionate to her crimes. This
finding ends our analysis under McGruder. See McGruder, 954 F.2d at 316; see also
Sullivan, 975 S.W.2d at 757. Because there is no evidence in the appellate record of the
sentences imposed for other crimes in Texas or for the same crimes in other jurisdictions,
we may not perform a comparative evaluation using the remaining Solem factors. See
Solem, 463 U.S. at 292; see also Sullivan, 975 S.W.2d at 757-58. Therefore, we conclude
that Trevino's sentences are neither grossly disproportionate nor cruel and unusual. The
issue is overruled.

 
The trial court's judgments are affirmed.


 



 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 3rd day of July, 2008.