

**NUMBER 13-08-714-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTHONY DePHILLIP,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Anthony DePhillip, pleaded guilty to the offenses of Count 1: aggravated

assault with a deadly weapon, a first degree felony,[1] and Count 2: injury to a child, a third

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (b)(1) (Vernon Supp. 2008).

degree felony.[2]  On the same day, he pleaded true to the allegation that he had been convicted of and had served time in prison for three prior felonies, thus enhancing the penalties for both of the offenses charged.[3]  After listening to witnesses and hearing argument of counsel, the trial court sentenced DePhillip to concurrent sentences of fifty years' imprisonment on Count 1, and twenty years' imprisonment on Count 2.  By a single issue, DePhillip contends that the punishment imposed was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  *See* U.S. CONST. amends. VIII, XIV.  We affirm.

## I. BACKGROUND

DePhillip was estranged from his wife, Melony McGill, with whom he had two small children.  On September 8, 2008, DePhillip went to McGill's uncle's house to have supervised visitation with the children.  DePhillip had been using heroin and cocaine all day prior to the visit.  While at the house, DePhillip, who was drinking beer, asked McGill if she would accompany him and the children to the park.  McGill testified that she felt unsafe with him, so she refused.  DePhillip  then grabbed his son and jumped in the back seat of McGill's car, saying "let's go."  After McGill refused to go along, DePhillip became angry, pushed his son into McGill's arms, and began punching McGill on her face.  He then opened a knife, grabbed McGill's hair, and began cutting it.  McGill blacked out.  When she awoke, she was on the ground, covered with blood, and DePhillip was holding her down, cutting her face with the knife.  Her son was standing next to her and was also covered with blood.   DePhillip then got up, flattened both McGill's tires with his knife, and ran off.

---

[2] *See id*. § 22.04 (a)(3), (f) (Vernon Supp. 2008).

[3] Tex. Penal Code § 12.42 (a)(3) (Vernon Supp. 2008).

2

McGill testified that she was taken by ambulance to a hospital. DePhillip had cut off a portion of her scalp, which exposed her skull. At the hospital, the scalp was sewn back on to her skull, and she received numerous stitches and staples on her face and head. She was hospitalized for three and a half days.

## II. DISPROPORTIONATE PUNISHMENT

By his sole issue, DePhillip argues that the punishment imposed is disproportionate to the alleged crime, and asks this Court to apply the *Solem* proportionate analysis test to his sentence. *See Solem v. Helm*, 463 U.S. 277, 290-92 ( 1983).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eighth Amendment is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. *Robinson v. California*, 370 U.S. 660, 667 (1962) *see* U.S. CONST. AMEND XIV. The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). The precise contours of the "grossly disproportionate" standard are unclear, but it applies only in "exceedingly rare" and "extreme" cases. *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Texas courts have traditionally held that, as long as the punishment assessed falls within the range prescribed by the Legislature in a valid statute, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd);

3

*see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.–Corpus Christi 2004, no pet.).[3]

Although DePhillip's sentences fall within the applicable ranges of punishment, that does not end our inquiry. Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.–Texarkana 2006, no pet.).

This Court has recognized that "the viability and mode of application of proportionate analysis . . . has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various opinions issued in *Harmelin* and their impact on the *Solem* decision)); *see Sullivan v. State*, 975 S.W.2d 755, 757-58 (Tex. App.–Corpus Christi 1998, no pet.) (discussing the implications of the *Harmelin* opinion and reviewing the proportionality of appellant's sentence under the *Solem* and *McGruder* tests). Assuming, arguendo, the viability of a proportionality review, as we did in *Sullivan,* we will apply both the *Solem* and *McGruder* tests to the facts of this case. *See Sullivan*, 975 S.W.2d at 757-58.[4] In both *Solem* and *McGruder,* we look first at the gravity of the offense and the harshness of the penalty. *Solem*, 463 U.S. at 290-91; *McGruder*, 954 F.2d at 316.

1. *Gravity of the Offense*

---

[3]*Vera v. State*, Nos. 13-05-169, 170-CR, 2006 WL 5181930 *3 (Tex. App.–Corpus Christi Aug. 29, 2008, pet. ref'd) (mem. op., not designated for publication).

[4]*See also McGiffin v. State*, No. 13-05-561-CR, 2006 WL 2294553, at *1 (Tex. App.–Corpus Christi, Aug. 10, 2006, no pet.) (mem. op., not designated for publication).

DePhillip pleaded guilty to the offenses of aggravated assault and injury to a child. With respect to these offenses, the evidence showed that DePhillip severed a portion of McGill's scalp and cut her numerous times in the face, all in front of their young son, who was covered in blood after the assault. Additionally, DePhillip pleaded true to allegations that he had been convicted of three prior felonies. When conducting an Eighth Amendment proportionality analysis, we may consider the sentence imposed in light of the accused's prior offenses. *Winchester*, 246 S.W.3d at 390; *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). The gravity of the offenses weighs in favor of a finding that the punishment was not excessive.

*2. Harshness of the Penalty*

The punishment range for a first-degree felony is imprisonment for a term of not more than ninety-nine years or life or less than five years, and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.02 (b), (1) (Vernon Supp. 2008). The punishment range for a third-degree felony enhanced to a second-degree felony is imprisonment for a term of not more than twenty years or less than two years, and a fine not to exceed $10,000. *Id.* § 12.42 (a)(3), (1) (Vernon Supp. 2008). Thus, the Legislature considers these offenses to be serious enough to deserve a sentence of up to life imprisonment and twenty years, respectively. In light of the seriousness of the crimes to which DePhillip pleaded guilty and the fact that he was a repeat felony offender, we cannot say the penalty imposed against DePhillip was unduly harsh or excessive. We therefore find that DePhillip's sentence is not grossly disproportionate to the offense for which he was convicted. This finding ends our analysis under *McGruder*. *See McGruder*, 954 F.2d at 316; *see also Sullivan*, 975 S.W.2d at 757. Because there is no evidence in the appellate

5

record of the sentences imposed for other similar crimes in Texas or for the same crimes in other jurisdictions, we can not perform a comparative evaluation using the remaining *Solem* factors. *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58. Therefore, we conclude that DePhillip's sentence is neither grossly disproportionate nor cruel and unusual. We overrule DePhillip's sole issue.

III. Conclusion

The trial court's judgment is affirmed.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 30th day of July, 2009.