NUMBER 13-08-714-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANTHONY DePHILLIP, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela
 


 Appellant, Anthony DePhillip, pleaded guilty to the offenses of Count 1: aggravated
assault with a deadly weapon, a first degree felony, (1) and Count 2: injury to a child, a third
degree felony. (2) On the same day, he pleaded true to the allegation that he had been
convicted of and had served time in prison for three prior felonies, thus enhancing the
penalties for both of the offenses charged. (3) After listening to witnesses and hearing
argument of counsel, the trial court sentenced DePhillip to concurrent sentences of fifty
years' imprisonment on Count 1, and twenty years' imprisonment on Count 2. By a single
issue, DePhillip contends that the punishment imposed was disproportionate to the
seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments
to the United States Constitution. See U.S. Const. amends. VIII, XIV. We affirm.

I. Background 

 DePhillip was estranged from his wife, Melony McGill, with whom he had two small
children. On September 8, 2008, DePhillip went to McGill's uncle's house to have
supervised visitation with the children. DePhillip had been using heroin and cocaine all day
prior to the visit. While at the house, DePhillip, who was drinking beer, asked McGill if she
would accompany him and the children to the park. McGill testified that she felt unsafe
with him, so she refused. DePhillip then grabbed his son and jumped in the back seat of
McGill's car, saying "let's go." After McGill refused to go along, DePhillip became angry,
pushed his son into McGill's arms, and began punching McGill on her face. He then
opened a knife, grabbed McGill's hair, and began cutting it. McGill blacked out. When she
awoke, she was on the ground, covered with blood, and DePhillip was holding her down,
cutting her face with the knife. Her son was standing next to her and was also covered
with blood. DePhillip then got up, flattened both McGill's tires with his knife, and ran off. 
 

 McGill testified that she was taken by ambulance to a hospital. DePhillip had cut off
a portion of her scalp, which exposed her skull. At the hospital, the scalp was sewn back
on to her skull, and she received numerous stitches and staples on her face and head. 
She was hospitalized for three and a half days. 

II. Disproportionate Punishment

 By his sole issue, DePhillip argues that the punishment imposed is disproportionate
to the alleged crime, and asks this Court to apply the Solem proportionate analysis test to
his sentence. See Solem v. Helm, 463 U.S. 277, 290-92 ( 1983). 

 The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor
excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend.
VIII. The Eighth Amendment is applicable to punishments imposed by state courts
through the Fourteenth Amendment's Due Process Clause. Robinson v. California, 370
U.S. 660, 667 (1962) see U.S. Const. Amend XIV. The Eighth Amendment does not
require strict proportionality between the crime and the sentence; rather, it forbids extreme
sentences that are "grossly disproportionate" to the crime. Ewing v. California, 538 U.S.
11, 23 (2003). The precise contours of the "grossly disproportionate" standard are unclear,
but it applies only in "exceedingly rare" and "extreme" cases. See Lockyer v. Andrade, 538
U.S. 63, 73 (2003). Texas courts have traditionally held that, as long as the punishment
assessed falls within the range prescribed by the Legislature in a valid statute, the
punishment is not excessive. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.
1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd);
see also Escochea v. State, 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.). (4)

 Although DePhillip's sentences fall within the applicable ranges of punishment, that
does not end our inquiry. Texas courts recognize that a prohibition against grossly
disproportionate sentences survives under the federal constitution apart from any
consideration whether the punishment assessed is within the statute's punishment range. 
 Winchester v. State, 246 S.W.3d 386, 388 (Tex. App.-Amarillo 2008, pet. ref'd); Mullins
v. State, 208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.). 

 This Court has recognized that "the viability and mode of application of proportionate
analysis . . . has been questioned since the Supreme Court's decision in Harmelin v.
Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)." Trevino, 174 S.W.3d
at 928 (citing McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the
various opinions issued in Harmelin and their impact on the Solem decision)); see Sullivan
v. State, 975 S.W.2d 755, 757-58 (Tex. App.-Corpus Christi 1998, no pet.) (discussing the
implications of the Harmelin opinion and reviewing the proportionality of appellant's
sentence under the Solem and McGruder tests). Assuming, arguendo, the viability of a
proportionality review, as we did in Sullivan, we will apply both the Solem and McGruder
tests to the facts of this case. See Sullivan, 975 S.W.2d at 757-58. (5) In both Solem and
McGruder, we look first at the gravity of the offense and the harshness of the penalty. 
Solem, 463 U.S. at 290-91; McGruder, 954 F.2d at 316.

 1. Gravity of the Offense

 DePhillip pleaded guilty to the offenses of aggravated assault and injury to a child. 
With respect to these offenses, the evidence showed that DePhillip severed a portion of
McGill's scalp and cut her numerous times in the face, all in front of their young son, who
was covered in blood after the assault. Additionally, DePhillip pleaded true to allegations
that he had been convicted of three prior felonies. When conducting an Eighth
Amendment proportionality analysis, we may consider the sentence imposed in light of the
accused's prior offenses. Winchester, 246 S.W.3d at 390; Culton v. State, 95 S.W.3d 401,
403 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). The gravity of the offenses weighs
in favor of a finding that the punishment was not excessive.

 2. Harshness of the Penalty

 The punishment range for a first-degree felony is imprisonment for a term of not
more than ninety-nine years or life or less than five years, and a fine not to exceed
$10,000. Tex. Penal Code Ann. § 12.02 (b), (1) (Vernon Supp. 2008). The punishment
range for a third-degree felony enhanced to a second-degree felony is imprisonment for
a term of not more than twenty years or less than two years, and a fine not to exceed
$10,000. Id. § 12.42 (a)(3), (1) (Vernon Supp. 2008). Thus, the Legislature considers
these offenses to be serious enough to deserve a sentence of up to life imprisonment and
twenty years, respectively. In light of the seriousness of the crimes to which DePhillip
pleaded guilty and the fact that he was a repeat felony offender, we cannot say the penalty
imposed against DePhillip was unduly harsh or excessive. We therefore find that
DePhillip's sentence is not grossly disproportionate to the offense for which he was
convicted. This finding ends our analysis under McGruder. See McGruder, 954 F.2d at
316; see also Sullivan, 975 S.W.2d at 757. Because there is no evidence in the appellate
record of the sentences imposed for other similar crimes in Texas or for the same crimes
in other jurisdictions, we can not perform a comparative evaluation using the remaining
Solem factors. See Solem, 463 U.S. at 292; see also Sullivan, 975 S.W.2d at 757-58. 
Therefore, we conclude that DePhillip's sentence is neither grossly disproportionate nor
cruel and unusual. We overrule DePhillip's sole issue.

III. Conclusion


 The trial court's judgment is affirmed. 

 

 

 ROSE VELA 

 Justice

 


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 30th day of July, 2009.
1. See Tex. Penal Code Ann. § 22.02 (b)(1) (Vernon Supp. 2008).
2. See id. § 22.04 (a)(3), (f) (Vernon Supp. 2008).
3. Tex. Penal Code § 12.42 (a)(3) (Vernon Supp. 2008).
4. Vera v. State, Nos. 13-05-169, 170-CR, 2006 WL 5181930 *3 (Tex. App.-Corpus Christi Aug. 29,
2008, pet. ref'd) (mem. op., not designated for publication).
5. See also McGiffin v. State, No. 13-05-561-CR, 2006 WL 2294553, at *1 (Tex. App.-Corpus Christi,
Aug. 10, 2006, no pet.) (mem. op., not designated for publication).