

## NUMBER 13-09-188-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**JOE ANGEL ZAVALA,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Joe Angel Zavala, entered an "open" plea of guilty to the first-degree felony offense of possession with intent to deliver a controlled substance, four grams or more but less than 200 grams of heroin. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2003). After hearing evidence on punishment, the trial court assessed

punishment at fifty years' imprisonment. By four issues,[1] appellant complains that: (1) his sentence was excessive and violated the Eighth Amendment prohibition against cruel and unusual punishment; (2) his sentence violated his right to due process of law; (3) the sentencing system facially violates due process and the Eighth Amendment; and (4) he received ineffective assistance of trial counsel. We affirm.

## I. BACKGROUND

On February 4, 2009, the trial court held a plea hearing at which Zavala entered an "open" plea of guilty to the charged offense. The trial court accepted the plea and admitted into evidence State's exhibit 1, Zavala's judicial confession and stipulation. After hearing testimony from both sides on punishment, the trial court assessed punishment at fifty years' imprisonment.

On February 24, 2009, Zavala's new attorney filed a "MOTION FOR RECONSIDERATION OF JUDGMENT AND SENTENCE PREVIOUSLY IMPOSED" in which he urged the trial court to reconsider the sentence because it was "excessive." After hearing evidence on the motion, the trial court denied relief.

## II. DISCUSSION

### A. CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Zavala contends that his sentence was excessive and that it violated the Eighth Amendment prohibition against cruel and unusual punishment. *See* U.S. CONST. amend. VIII.[2] The Eighth Amendment does not require strict proportionality

---

[1]The trial court signed a document entitled, "TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL" in which the court certified that this case "is not a plea-bargain case, and the defendant has the right of appeal."

[2]The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amends. VIII, XIV; *see* TEX. CONST. art. I, § 13.

2

between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). The precise contours of the "grossly disproportionate" standard are unclear, but it applies only in "exceedingly rare" and "extreme" cases. *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Texas courts have traditionally held that, as long as the punishment assessed falls within the punishment range prescribed by the Legislature in a valid statute, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd); *see also Escochea v. State*, 139 S.W.3d 67, 80 (Tex. App.–Corpus Christi 2004, no pet.).[3]

Zavala's sentence fell within the punishment range for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon Supp. 2009) (stating that "[a]n individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than five years."). However, that does not end the inquiry. Texas courts recognize that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.–Texarkana 2006, no pet.).

This Court has recognized that "the viability and mode of application of proportionate analysis . . . has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder v. Puckett*,

___

[3] *Vera v. State*, Nos. 13-05-169, 170-CR, 2006 WL 5181930, at *3 (Tex. App.–Corpus Christi Aug. 29, 2008, pet. ref'd) (mem. op., not designated for publication).

954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various opinions issued in *Harmelin* and their impact on the *Solem* decision[4])); *see Sullivan v. State*, 975 S.W.2d 755, 757-58 (Tex. App.–Corpus Christi 1998, no pet.) (discussing the implications of the *Harmelin* opinion and reviewing the proportionality of defendant's sentence under the *Solem* and *McGruder* tests). Assuming, *arguendo*, the viability of a proportionality review, as we did in *Sullivan,* we will apply both the *Solem* and *McGruder* tests to the facts of this case. *See Sullivan*, 975 S.W.2d at 757-58.[5] In both *Solem* and *McGruder,* we look first at the gravity of the offense and the harshness of the penalty. *Solem v Helm*, 463 U.S. 272, 290-91 (1983); *McGruder*, 954 F.2d at 316.

### 1. Gravity of the Offense

We judge the gravity of the offense in light of the harm caused or threatened to society and the offender's culpability. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.–Fort Worth 2001, pet. ref'd) (citing *Solem*, 463 U.S. at 291-92). With respect to appellant's culpability, the evidence and testimony from the plea hearing showed that Robstown police executed a search warrant at the home of appellant and his wife, Denise Diaz. Police found black tar heroin in their car and house. Police found powdered heroin in Diaz's purse. The total amount of heroin seized was 44.57 grams. Drug paraphernalia found in their home included a container of lactose, two coffee grinders, a knife, baggies, and a scale. The scale and grinders had heroin residue on them. While at the police station, appellant provided a written statement in which he stated that all of the heroin, including the heroin in his wife's purse, was his. Robstown police officer Derly Flores testified that

---

[4]*See Solem v. Helm*, 463 U.S. 272 (1983).

[5]*See also McGiffin v. State*, No. 13-05-561-CR, 2006 WL 2294553, at *1 (Tex. App.–Corpus Christi, Aug. 10, 2006, no pet.) (mem. op., not designated for publication).

lactose is mixed with heroin in order to increase the amount of heroin. Appellant had "a large amount" of heroin, which after being "cut" with lactose and ground into a powder, could sell for $10,000.

With respect to the harm caused or threatened to society, Officer Flores testified that black tar heroin is "[a] real bad problem" in Robstown and that "most of the crime in Robstown emanates from the black tar heroin problem." Appellant's wife testified that appellant had been dealing and using heroin prior to getting "busted." We conclude that the gravity of the offense weighs in favor of a finding that the punishment was not excessive. *See Thomas v. State*, 916 S.W.2d 578, 583 (Tex. App.–San Antonio 1996, no pet.) (stating that "[i]t is common knowledge that possession, use, and distribution of illegal drugs represents one of the greatest problems affecting the health and welfare of our population. Studies clearly demonstrate the direct nexus between illegal drugs and crimes of violence. . . .").

### 2. Harshness of the Penalty

Appellant pleaded guilty to the first-degree-felony offense of possession with intent to deliver a controlled substance, four grams or more but less than 200 grams of heroin. The offense appellant committed is classified as within the second most serious category of offenses in Texas; only capital-offense felonies are more serious. *See* TEX. PENAL CODE ANN. § 12.04(a) (Vernon 2003) (classifying felonies according to the relative seriousness of the offense). Thus, the Legislature considered the crime of possession with intent to deliver 44.57 grams of heroin serious enough to deserve a sentence of up to life imprisonment. Appellant's fifty-year sentence fell within the middle of the punishment range for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32(a). In light of the seriousness of the crime to which appellant pleaded guilty and the fact that he had the

paraphernalia necessary to increase the amount of heroin for sale, we cannot say his fifty-year sentence is disproportionate to his offense. We therefore find that his punishment is not grossly disproportionate to the offense for which he was convicted. This finding ends our analysis under *McGruder*. *See McGruder*, 954 F.2d at 316; *see also Sullivan*, 975 S.W.2d at 757. Because there is no evidence in the appellate record of the sentences imposed for other similar crimes in Texas or for the same crimes in other jurisdictions, we cannot perform a comparative evaluation using the remaining *Solem* factors. *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58. Therefore, we hold that appellant's punishment is neither grossly disproportionate nor cruel and unusual. We overrule issue one.

## B. DUE PROCESS

In his second issue, Zavala contends that the trial court violated his right to due process under the Fourteenth Amendment to the United States Constitution because the sentence is arbitrary, random, and capricious. The Due Process Clause of the Fourteenth Amendment provides that "no State may deprive any person of life, liberty, or property without due process of law." *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) (internal quotation marks omitted); *see* U.S. CONST. amend. XIV, § 1. The touchstone of due process is fundamental fairness. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).

"[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process," *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005). Likewise, a trial court "denies due process when it refuses to consider the evidence and imposes a predetermined sentence." *Cole v. State*, 931 S.W.2d 578, 579-80 (Tex. App.–Texarkana 1995, pet. ref'd). However, "the defendant has no substantive right to a particular sentence within the range authorized by statute, . . . ." *Gardner v. Florida*,

430 U.S. 349, 358 (1977). "When a defendant waives a jury, the trial judge has discretion to assess the punishment within the range provided by law which he finds appropriate in the circumstances." *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978). "The decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function." *Barrow v. State*, 207 S.W.3d 377, 379-80 (Tex. Crim. App. 2006). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal." *Id*. at 381 (footnote number omitted).

At the plea hearing, the trial court heard testimony and received evidence concerning the facts surrounding the offense. The trial court also heard testimony from appellant's wife, who stated that she and appellant had used heroin for seven years and needed help. She testified appellant had been dealing heroin for approximately seven months before getting "busted." He recently got a job and was going to stop dealing. She also testified appellant had never been previously arrested.

Thus, the trial court had evidence on which to rely upon when sentencing appellant to a prison term that fell in the middle of the punishment range. The record does not show that the trial court arbitrarily imposed a predetermined punishment or that it failed to consider the full punishment range. Moreover, the record does not show that the trial court imposed the sentence in an arbitrary, capricious, or random manner. Accordingly, the trial court did not abuse its discretion when assessing punishment. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (stating that a trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts in an arbitrary

7

or capricious manner). We hold that appellant failed to show that the trial court violated his due process rights in assessing punishment. Issue two is overruled.

## C. CONSTITUTIONALITY OF SENTENCING SYSTEM

In his third issue, appellant contends that the "sentencing system" facially violates the Eighth Amendment and his right to due process, because his sentence is arbitrary, random, and capricious. This issue presents a challenge to the facial validity of section 12.32(a) of the Texas Penal Code, which prescribes the punishment range for a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.32(a).

Appellant did not urge this complaint when the trial court assessed punishment or in his motion for reconsideration. In *Kareney v. State*, the court "conclude[d] that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Furthermore, we have previously stated that the trial court did not assess punishment in an arbitrary, random, or capricious manner. Issue three is overruled.[6]

## D. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his fourth issue, appellant contends that he received ineffective assistance of trial counsel. *See* U.S. CONST. amend. VI.

---

[6]Assuming, *arguendo*, that appellant had preserved this complaint, we note that "[a] facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Because "a statute may be valid as applied to one set of facts and invalid as applied to another, 'it is incumbent upon the [appellant] to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient.'" *Id*. (quoting *Parent v. State*, 621 S.W.2d 796, 797 (Tex. Crim. App. 1981)). Here, the record does not show that the trial court arbitrarily imposed a predetermined punishment or failed to consider the full punishment range. The fifty-year sentence was well within the punishment range available for the offense. Therefore, appellant has failed to show that in its operation the statute is unconstitutional as applied to him in his situation. *See id*.

**1. Standard of Review**

Under *Strickland v. Washington*, a defendant seeking to challenge counsel's representation must show that counsel's performance (1) was deficient and (2) prejudiced his or her defense. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To show deficiency, 'the appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms.'" *Id*. (quoting *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). To show prejudice, appellant "'must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). "'Reasonable probability' is a 'probability sufficient to undermine confidence in the outcome,' meaning 'counsel's errors were so egregious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id*. (quoting *Strickland*, 466 U.S. at 687, 694). "Because '[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record,' the record will generally 'not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard.'" *Id*. at 341 (quoting *Mitchell*, 68 S.W.3d at 642).

**2. Analysis**

**a. Inadequate Time to Prepare**

On January 16, 2009, the trial court appointed an attorney to represent appellant in this case. On February 4, 2009, appellant pleaded guilty to the offense, and the trial court assessed punishment. Appellant argues that he was denied effective assistance of counsel because trial counsel did not have enough time "to research sentencing decisions in relevant jurisdictions, particularly sentences for community supervision that are not

appealed." An attorney's failure to investigate all aspects of a case, including punishment, can support a finding that he or she rendered ineffective assistance. *See McFarland v. State*, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996).

We cannot equate a purported failure to research sentencing decisions in relevant jurisdictions to a failure to investigate, absent something more in the record. Because we are limited to the record before us, the record must support appellant's assertions. *McFarland*, 928 S.W.2d at 500. This appellate record is devoid of any evidence showing that trial counsel was either unprepared, did not have enough time to perform the research, or that he failed to perform this research. The fact that trial counsel did not present any sentencing decisions from relevant jurisdictions to the trial court does not mean that he did not perform this research. Counsel may have decided that presenting evidence of sentencing decisions from relevant jurisdictions might actually tend to increase appellant's sentence. If counsel's reasons for his conduct do not appear in the record and there is "at least the possibility" that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Garza v. State,* 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

When an "appellant's claim is not determinable from the record, we must decide whether his motion and affidavit show reasonable grounds that could entitle him to relief." *Smith*, 286 S.W.2d at 341. To do so, appellant must allege facts that would reasonably show that trial counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for trial counsel's conduct, the result of the proceeding would have been different. *Id*. (citing *Strickland*, 466 U.S. at 687).

Here, the motion for reconsideration did not allege any facts that trial counsel's representation fell below the standard of professional norms and that there is a reasonable

probability that, but for trial counsel's conduct, the result of the proceeding would have been different. The motion for reconsideration did not include any affidavits. A review of the record reveals that no motion for new trial was filed. We find that the motion for reconsideration did not provide reasonable grounds to believe that appellant could satisfy either prong of *Strickland*. *Strickland*, 466 U.S. at 690. Because a strong presumption exists that trial counsel's actions fall within the wide range of reasonable professional assistance, we cannot say appellant received ineffective assistance of counsel. *See id.*

### b. Failure to Call Witnesses

Appellant contends that he received ineffective assistance of counsel because trial counsel called only one witness, his wife, to help mitigate punishment. However, we cannot equate calling only one punishment witness to a failure to investigate, absent something more in the record. The record is devoid of any evidence about why, be it for strategic purposes or otherwise, trial counsel elected to call only one witness to mitigate punishment. Appellant does not state the names of those witnesses that trial counsel should have called in order to mitigate punishment, and he does not state what their testimony would have shown. Because a strong presumption exists that trial counsel's actions fall within the wide range of reasonable professional assistance, we cannot say appellant received ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690.

### c. Failure To Argue Proportionality

Appellant contends he received ineffective assistance of counsel because trial counsel made "no attempt to argue proportionality to the trial court . . . and presented no evidence to the court concerning the punishments being levied by Texas courts for similar offenses." As previously stated in issue one, appellant has not met the requirement of a threshold determination that the sentence is grossly disproportionate to the crime. Thus,

11

he cannot show a reasonable probability that, but for his trial counsel's failure to argue proportionality to the trial court or to present evidence of punishments being levied by Texas courts for similar offenses, the result would have been different. *See Smith*, 286 S.W.3d at 340. Issue four is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 25th
day of March, 2010.