ACCEPTED
13-14-00271-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/10/2015 11:26:22 AM
Dorian E. Ramirez
CLERK

## No. 13-14-271-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/10/2015 11:26:22 AM
DORIAN E. RAMIREZ
Clerk

## VICTOR CAMPOS,
## APPELLANT,

## v.

## THE STATE OF TEXAS,
## APPELLEE.

ON APPEAL FROM THE 148TH DISTRICT COURT
NUECES COUNTY, TEXAS

## BRIEF FOR THE STATE

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@nuecesco.com

Attorney for Appellee

**ORAL ARGUMENT IS REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... ii

SUMMARY OF THE ARGUMENT ........................................................1

ARGUMENT ......................................................................................1

**Reply Point**
**Campos' forty-five-year sentence did not violate the Eighth**
**Amendment.** .....................................................................................1

    **I. Waiver.** ..............................................................................1
    **II. Statement of Facts.** ...........................................................3
    **III. Proportionality Review.** ...................................................5
    **IV. Gravity of the Offense.** .....................................................6
    **V. Harshness of the Sentence.** ................................................7

PRAYER ...........................................................................................9

RULE 9.4 (i) CERTIFICATION ...............................................................9

CERTIFICATE OF SERVICE ................................................................ 10

# INDEX OF AUTHORITIES

## Cases

*Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App. 1994), .........................8

*Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179 (2003).............................5

*In re Graves*, 217 S.W.3d 744 (Tex. App.—Waco 2007, no pet.)..................8

*Guthrie-Nail v. State*, ---S.W.3d---, PD-0125-14, 2015 WL 5449642 (Tex. Crim. App., September 16, 2015, *rehearing granted* November 18, 2015). ..7

*Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680 (1991)........................5

*Harris v. State,* 656 S.W.2d 481 (Tex. Crim. App. 1983)..............................5

*Jordan v. State,* 495 S.W.2d 949 (Tex. Crim. App. 1973)..............................5

*Lankston v. State,* 827 S.W.2d 907 (Tex. Crim. App. 1992)...........................2

*Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166 (2003)...............................5

*McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992). .....................................6

*Moore v. State,* 54 S.W.3d 529 (Tex. App.-Fort Worth 2001, pet. ref'd). ......6

*Noland v. State,* 264 S.W.3d 144 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd). .........................................................................................................1

*Resendez v. State,* 306 S.W.3d 308 (Tex. Crim. App. 2009). .........................2

*Reyna v. State*, 168 S.W.3d 173 (Tex. Crim. App. 2005). ..............................2

*Samuel v. State,* 477 S.W.2d 611 (Tex. Crim. App. 1972)..............................5

*Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001 (1983). ............................... 6, 8

*Sullivan v. State*, 975 S.W.2d 755 (Tex. App.-Corpus Christi 1998, no pet.). ........................................................................................... 6, 8

*Trevino v. State,* 174 S.W.3d 925 (Tex. App.-Corpus Christi 2005, pet. ref'd). ...................................................................................... 2, 5, 6, 8

## Statutes & Rules

Tex. Penal Code § 12.32. ........................................................................7

Tex. Penal Code § 30.02. ........................................................................3

Tex. R. App. P. 33.1. ..............................................................................2

1 Steven Goode et al., Guide to the Texas Rules of Evidence § 201.2 (3d ed.2002). ..............................................................................................8

| | | |
|---|---|---|
| VICTOR CAMPOS, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## SUMMARY OF THE ARGUMENT

Campos waived his Eighth Amendment complaint by failing to raise it in the trial court. Alternatively, his forty-five-year sentence was not disproportionate or excessive considering the nature and circumstances of the present burglary and armed robbery.

## ARGUMENT

**Reply Point**
**Campos' forty-five-year sentence did not violate the Eighth Amendment.**

## I. Waiver.

When the sentence imposed is within the punishment range and is not illegal, the failure to specifically object to an allegedly disproportionate sentence in the trial court or in a post-trial motion waives any error on appeal. *Noland v. State,* 264 S.W.3d 144, 151 (Tex. App.-Houston [1st

Dist.] 2007, pet. ref'd); *Trevino v. State,* 174 S.W.3d 925, 927-28 (Tex. App.-Corpus Christi 2005, pet. ref'd); TEX. R. APP. P. 33.1(a).

In the present case, when the trial court sentenced Campos to forty-five years in prison, he objected only, "I don't think I deserve that much time." (RR vol. 1, p. 51) A complaint that he did not "deserve" his sentence does not equate to a complaint that his sentence was constitutionally disproportionate or excessive. This was clearly insufficient to bring to the trial judge's attention the constitutional claim that Campos raises on appeal. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (requiring the defendant to bring to the trial court's attention the constitutional claim he raises on appeal); *see also Resendez v. State,* 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (discussing Rule 33.1(a) and stating that "a party must be specific enough so as to 'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it,'" (quoting *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App. 1992))).

Nor does the record show that Campos filed a motion for new trial or otherwise raised an Eighth Amendment complaint about his sentence prior to the present ground on appeal. Accordingly, Campos waived error on his

present claim that his sentence was excessive or disproportionate under the Eighth Amendment.

However, even if he had preserved error, he fails to prove his claim.

## II. Statement of Facts.

Victor Campos was indicted for the First Degree Felony of Burglary of a Habitation with the commission or attempted commission of Robbery. (CR p. 5)[1]

Campos judicially confessed and stipulated to facts contained in attached exhibits (CR p. 68) showing, among other things, that he pulled and cocked a gun during his encounter with the victim and her young daughter (CR p. 70), that he was eventually arrested with property stolen from the residence as well as marijuana and crack cocaine (CR p. 87), and that he was belligerent and resisted officers when he was found and arrested shortly after the burglary. (CR p. 94)

At the original plea hearing, the victim, Leslie Espinosa, testified that Campos and a couple others broke into her home and Campos held a gun in his hand as he demanded money from her in the presence of her young daughter, who was pleading with Campos not to kill her mom. (Supp. RR

---

[1] A person commits First Degree Burglary of a Habitation if, without the consent of the owner, he enters a habitation and commits or attempts to commit a felony other than theft. *See* Tex. Penal Code § 30.02 (a)(3) & (d).

3

vol. 2, p. 15) The victim testified that Campos then cocked the gun and pointed it at her daughter, telling Espinosa to "shut her up." (Supp. RR vol. 2, p. 15)

Campos testified on his own behalf, claiming that he was drunk and high on drugs at the time of the burglary. (Supp. RR vol. 2, p. 23) Campos also admitted that he had been arrested only a week before for terroristic threat (Supp. RR vol. 2, pp. 25-26), that generally he had been using drugs at the time of the offense (Supp. RR vol. 2, p. 27), and that he had given drugs to one of his accomplices to secure his participation in the burglary. (Supp. RR vol. 2, pp. 28 & 30)

At a subsequent sentencing hearing before a separate judge, assigned to the case after the original judge recused himself, Espinosa again testified to the same events as before, including Campos' pointing a gun at her daughter and telling Espinosa to shut her up. (RR vol. 1, p. 12) Espinosa also related that she was six months pregnant at the time of the burglary. (RR vol. 1, p. 13)

Campos again testified that he was drunk and on drugs at the time. (RR vol. 1, p. 19) Campos also testified that he smoked marijuana and was taking a lot of pills. (RR vol. 1, p. 22) Campos admitted that, when arrested shortly after the burglary, cocaine and marijuana were found on him. (RR

4

vol. 1, p. 25) Campos also admitted that he had been selling drugs. (RR vol. 1, p. 31)

The written judgment reflects that Campos was convicted on his guilty plea and sentenced to 45 years in prison. (CR p. 106)

### III. Proportionality Review.

The Eighth Amendment to the United States Constitution does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are grossly disproportionate to the crime. *Ewing v. California,* 538 U.S. 11, 23, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). The precise contours of the grossly disproportionate standard are unclear, but it applies only in exceedingly rare and extreme cases. *See Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

Generally, punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *Trevino,* 174 S.W.3d at 928 (citing *Harris v. State,* 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (en banc); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim. App. 1972)).

Proportionality review of a legal sentence remains somewhat ambiguous and uncertain. *See Harmelin v. Michigan*, 501 U.S. 957, 111

S.Ct. 2680 (1991); *Solem v. Helm*, 463 U.S. 277, 291, 103 S.Ct. 3001 (1983); *Trevino*, 174 S.W.3d at 928; *Sullivan v. State*, 975 S.W.2d 755, 757-58 (Tex. App.-Corpus Christi 1998, no pet.). However, to the extent that such review remains viable, the appellate court should look first to the gravity of the offense and the harshness of the penalty. *See Solem*, 463 U.S. at 290; *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). If, based on his present conviction, his criminal history, and the punishment range available, appellant's sentence is not grossly disproportionate to his crime, this ends the analysis in the absence of other evidence in the appellate record of the sentences imposed for other crimes in Texas or for the same crime in other jurisdictions upon which a comparative evaluation might be based. *See Solem*, 463 U.S. at 292; *McGruder*, 954 F.2d at 316; *Sullivan*, 975 S.W.2d at 757-58.

## IV. Gravity of the Offense.

The gravity of the offense is judged in light of the harm caused or threatened to society and the offender's culpability. *Moore v. State,* 54 S.W.3d 529, 542 (Tex. App.-Fort Worth 2001, pet. ref'd) (citing *Solem,* 463 U.S. at 291-92).

In the present case, the evidence shows that Campos broke into the victim's home and cocked and pointed a gun at her young child in the course

of robbing her, whether or not the trial court exercised its discretionary authority in making a finding in the written judgment that he used a deadly weapon. *See Guthrie-Nail v. State*, ---S.W.3d---, PD-0125-14, 2015 WL 5449642 (Tex. Crim. App., September 16, 2015, *rehearing granted* November 18, 2015) (suggesting that the trial judge has discretion to decline to make a deadly weapon finding even when use of a deadly weapon is an element of the offense). Lack of a deadly weapon finding does not erase this evidence or the effect it may have on punishment. In addition, the evidence showed that Campos arranged the burglary and paid another person with drugs to assist him, that Campos was using and selling drugs at the time, and that he was abusive with the police when arrested shortly after the crime.

Accordingly, the gravity of the offense and the circumstances justified a stiff punishment.

## V. Harshness of the Sentence.

The present forty-five-year sentence was clearly less than the maximum life sentence, *See* Tex. Penal Code § 12.32 (a), and is not so harsh as to be grossly disproportionate, in view of both the seriousness of the offense and the circumstances of the present case. Accordingly, Campos has failed to make even a threshold showing that his sentence was grossly disproportionate.

Moreover, because Campos failed to present any evidence in the trial court of sentences imposed for other similar crimes in Texas or for the same crimes in other jurisdictions, that court had no data before it to enable it to perform a comparative evaluation using the remaining *Solem* factors. *See Solem,* 463 U.S. at 292; *see also Sullivan,* 975 S.W.2d at 757-58.

Likewise, the reviewing Court has no record evidence to perform such an analysis and should not look beyond the appellate record to do so, as Campos invites it to do. (Appellant's Brief pp. 11-16) While this Court may have some discretion to judicially notice facts that were not developed below, *see, e.g., Emerson v. State*, 880 S.W.2d 759, 765 (Tex. Crim. App. 1994), such is generally regarded as the exception and not the rule and requires a "high degree of indisputability." *In re Graves*, 217 S.W.3d 744, 750-51 (Tex. App.—Waco 2007, no pet.) (citing 1 Steven Goode et al., Guide to the Texas Rules of Evidence § 201.2 (3d ed.2002)). Moreover, in addition to the general rule of waiver discussed above, it would be especially unfair to the trial court to fault it for failing to conduct a comparative analysis on date that was not brought to its attention at sentencing or on motion for new trial. In *Trevino*, this Court refused to consider sentences imposed in other cases when no such evidence was submitted to the trial court. *Trevino*, 174 S.W.3d at 928-29.

Campos has clearly failed to prove that his sentence was disproportionate of excessive.

## PRAYER

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*

_____

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@nuecesco.com

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1,700.

/s/ *Douglas K. Norman*

_____

Douglas K. Norman

9

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this brief was e-mailed on December 10, 2015, to Appellant's attorney, Ms. Celina Lopez Leon, at celinamarielopez@gmail.com.


/s/ *Douglas K. Norman*
_____
Douglas K. Norman